Patrick Lynn THOMAS a/k/a Roddie Lewis Thomas, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–97–01084–CR.

Court of Appeals of Texas, Dallas.

Aug. 31, 1999.

---

**641**

Stanley R. Mays, Bailey Mays & Green-idge, Dallas, for Appellant.

Terrie Lynn Mcvea, Assistant District Attorney, Wendy Koster, Assistant District Attorney, Dallas, for State.

Before Chief Justice THOMAS and Justices KINKEADE and MALONEY.

## OPINION

LINDA THOMAS, Chief Justice.

Patrick Lynn Thomas entered a nonnegotiated guilty plea to the charge of aggravated assault with a deadly weapon. TEX. PEN.CODE ANN. § 22.02(a)(2) (Vernon 1994). The trial court convicted appellant of the aggravated assault, sentenced him to seven years confinement, and entered a deadly weapon finding. In three points of error, appellant contends: (1) his plea was involuntary because of ineffective assistance of counsel; (2) the deadly weapon finding was not·authorized; and (3) the trial court committed reversible error when it failed to physically alter his name on the indictment. We affirm.

In the first point of error, appellant claims trial counsel was ineffective in that counsel misled him, rendering the plea involuntary. Specifically, appellant maintains he entered his plea under the mistaken belief he would receive probation. An appellant who enters a guilty plea and raises a claim of ineffective assistance of counsel bears the burden of establishing by a preponderance of the evidence that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the alleged deficiency rendered his guilty plea unknowing and involuntary. *See Ybarra v. State,* 960 S.W.2d 742, 746 (Tex.App.-Dallas 1997, no pet.). This record does not support appellant's claim.

The record shows appellant did not have a plea agreement for probation, and appellant testified that he had reviewed his plea papers with his attorney and understood them. Further, the record contains admonishments that substantially comply with article 26.13 of the code of criminal procedure, creating a prima facie showing

of voluntariness. *See Ybarra,* 960 S.W.2d at 745–46; *Soto v. State,* 837 S.W.2d 401, 405 (Tex.App.-Dallas 1992, no pet.). The trial court admonished appellant both orally and in writing of the punishment range. Appellant testified he understood the punishment range and that no one had promised him anything or done anything to get him to plead guilty. Moreover, appellant testified that he was *asking* the trial court to place him on deferred adjudication.

■ The mere fact that appellant may have received a higher punishment than he anticipated or hoped does not render his guilty plea involuntary. *See Tovar–Torres v. State,* 860 S.W.2d 176, 178 (Tex.App.-Dallas 1993, no pet.) (per curiam); *Rice v. State,* 789 S.W.2d 604, 607 (Tex.App.-Dallas 1990, no pet.) (per curiam). We conclude appellant has not rebutted the prima facie showing of voluntariness, nor has he established that counsel misled him into entering a guilty plea. *See Ybarra,* 960 S.W.2d at 746; *Grays v. State,* 888 S.W.2d 876, 877–78 (Tex.App.-Dallas 1994, no pet.). Thus, we overrule appellant's first point of error.

■ In point of error two, appellant urges this Court to delete the deadly weapon finding. Appellant does not challenge the sufficiency of the evidence to prove he used a deadly weapon to commit this offense. Instead, he makes a two-part argument that (1) the trial court could not use the allegation in the indictment that appellant used or exhibited a deadly weapon to make a deadly weapon finding because the same allegation was used to raise the charged offense from a misdemeanor assault to felony assault under section 22.02(a)(2) of the penal code; and (2) there must be an associated felony separate and distinct from the charged felony offense to support a deadly weapon finding under *Narron v. State,* 835 S.W.2d 642 (Tex.Crim.App.1992) (per curiam), and *Ex parte Petty,* 833 S.W.2d 145 (Tex.Crim. App.1992). We disagree on both counts.

Appellant cites no supporting authority for his contention that the allegation of use or exhibition of a deadly weapon as an aggravating element of the assault offense prohibits the trial court from also using the allegation to support a deadly weapon finding. Moreover, the Fort Worth court addressed and rejected a similar argument in *Martinez v. State,* 883 S.W.2d 771 (Tex. App.-Fort Worth 1994, pet. ref'd). Martinez was convicted of involuntary manslaughter for causing the victim's death while driving intoxicated. The jury found that Martinez used a deadly weapon, an automobile, during commission of the offense. Martinez argued on appeal that the deadly weapon finding violated his double jeopardy rights because the action constituting the alleged use of the deadly weapon (driving an automobile while intoxicated) was also an essential element of the charged offense.

In rejecting this argument, the *Martinez* court recognized that the legislature had clearly expressed its intent that a defendant's probation and parole status be affected in all felony cases when the defendant used or exhibited a deadly weapon during the commission of the offense, making no exception for those felonies when the use of a deadly weapon is an element of the offense. The Fort Worth court concluded, "We see nothing that would lead us to any other conclusion but that the legislature intended for the deadly weapon provisions to apply in every felony case as the context of the law suggests." *Martinez,* 883 S.W.2d at 774; *see also Pachecano v. State,* 881 S.W.2d 537, 546 (Tex.App.-Fort Worth 1994, no pet.) (holding that because deadly weapon finding does not increase the defendant's sentence, jeopardy does not bar including a deadly weapon finding when the deadly weapon allegation is also an element of the offense); *cf. Tyra v. State,* 897 S.W.2d 796, 798 (Tex.Crim.App.1995) (stating that *Narron* and *Petty* "do not stand for the proposition that the phrase 'used or exhibited a deadly weapon during the commission of a felony offense' necessarily means

'used or exhibited a deadly weapon during the commission of an offense which does not otherwise require the use or exhibition of a deadly weapon'"); *Patterson v. State,* 769 S.W.2d 938, 940 (Tex.Crim.App.1989) (agreeing with lower court's conclusion that "*all* felonies are theoretically susceptible to an affirmative finding of use or exhibition of a deadly weapon"); *Smith v. State,* 944 S.W.2d 453, 456 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd) (deleting deadly weapon finding on different grounds but commenting that an allegation in an indictment of use or exhibition of deadly weapon as an aggravating element in an assault case "is immaterial for purpose of the affirmative finding").

We find the Fort Worth court's reasoning persuasive. In this case, appellant was charged with a felony offense, and he admitted he used or exhibited a deadly weapon. We overrule the second point of error.

 In the last point of error, appellant claims the trial court committed reversible error by failing to physically alter his name on the face of the indictment. *See* TEX.CODE CRIM. PROC. ANN. art. 26.08 (Vernon 1989). The entry of a nonnegotiated guilty plea waives all nonjurisdictional error occurring before entry of the plea. *See Jack v. State,* 871 S.W.2d 741, 743–44 (Tex.Crim.App.1994) (per curiam); *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim. App.1972). Appellant has waived appellate review of this issue because the error, if any, in failing to correct the indictment under article 26.08 is a nonjurisdictional error occurring before his nonnegotiated guilty plea. Accordingly, we overrule appellant's third point of error.

We affirm the trial court's judgment.