# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00119-CR

**Ernest Stokes, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. 3031180, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court found appellant Ernest Stokes guilty of aggravated assault and assessed his punishment at imprisonment for ten years. *See* Tex. Pen. Code Ann. § 22.02 (West Supp. 2004-05). The court's judgment contains an affirmative finding that Stokes used a firearm during the commission of the offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2004-05). Stokes challenges this finding in two points of error. He contends that section 3g(a)(2) does not apply in a prosecution for aggravated assault with a deadly weapon and that an affirmative finding in such a case constitutes multiple punishment for the same offense in violation of the constitutional guarantee against double jeopardy. We will overrule these contentions and affirm the conviction.

The complainant, Linda Fowler, spent the night of June 10, 2003, at Stokes's house. When she awoke the next morning, Stokes, who was drinking, accused her of being involved with

another man. Stokes cursed Fowler and told her that the only way she was going to leave the house was "in a box." Stokes struck Fowler with his fist and pushed her onto the living room couch. When Fowler attempted to flee through the front door, Stokes grabbed her by the neck, dragged her back into the house, and locked the door. As Stokes and Fowler struggled, he continued to hit her with his fists, then he struck her with a beer bottle and kicked her in the face. Fowler ran to the bathroom bleeding from her mouth. Stokes followed her into the bathroom, pushed her into the bathtub, and held her head under the running water. Fowler managed to free herself from Stokes's grip and ran to the bedroom. Stokes produced a shotgun, loaded it in Fowler's presence, and repeated his threat to kill her. Stokes ordered Fowler to remove her clothes. When she did, he "put the shotgun up to my head and told me he would blow my brains out."

Stokes held Fowler in the bedroom all that day. He repeatedly kicked her and struck her with his fists. He extinguished a cigarette on her leg and choked her with a television cable. He kept the shotgun with him and repeatedly told Fowler that he would kill her when it got dark. At about 7:00 p.m., a police officer engaged in other business parked in front of Stokes's house. Stokes, fearing that the commotion in his house had attracted the attention of the police, put down the shotgun and opened his front door to watch the officer. Fowler took advantage of the opportunity, pushed past Stokes, and ran to the officer.

The first count of the indictment alleged the offense of aggravated assault in eleven paragraphs. Five paragraphs alleged that Stokes caused bodily injury to Fowler by striking her with a glass bottle, a deadly weapon (paragraph one), by strangling her with a wire cable, a deadly weapon (paragraph three), by kicking her with his foot, a deadly weapon (paragraph five), and by striking her and holding her head under water with his hand, a deadly weapon (paragraphs seven and ten). *See*

2

Tex. Pen. Code Ann. §§ 22.01(a)(1), 22.02(a)(2) (West Supp. 2004-05). The other six paragraphs alleged that Stokes threatened Fowler with imminent bodily injury while using and exhibiting a deadly weapon, specifically a glass bottle (paragraph two), a wire cable (paragraph four), his foot (paragraph six), his hand (paragraphs eight and eleven, which were identical), and a firearm (paragraph nine). *See id*. §§ 22.01(a)(2), 22.02(a)(2). The court did not specify the paragraph or paragraphs on which it found Stokes guilty.[1]

Stokes asserts that because the use or exhibition of a deadly weapon was an element of the aggravated assault offense for which he was convicted, the inclusion in the judgment of an affirmative finding pursuant to section 3g(a)(2) was a misapplication of the statute and constitutes multiple punishment for the same offense in violation of the Double Jeopardy Clause. *See* U.S. Const. amend. V. Stokes did not object when the trial court announced that it was making the affirmative finding, nor did he raise these contentions in his motion for new trial. *See* Tex. R. App. P. 33.1(a) (preservation of error); *see also Duvall v. State*, 59 S.W.3d 773, 776-77 (Tex. App.—Austin 2001, pet. ref'd) (double jeopardy claim raised for first time on appeal must be clearly apparent on face of record) (citing *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)).

All felonies are theoretically susceptible to an affirmative finding under section 3g(a)(2). *Patterson v. State*, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989). The phrase "used or exhibited a deadly weapon during commission of a felony offense" in that statute does not mean "used or exhibited a deadly weapon during commission of an offense which does not otherwise require the use or exhibition of a deadly weapon." *Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim.

---

[1] Count two of the indictment accused Stokes of aggravated kidnapping. *See* Tex. Pen. Code Ann. § 20.04 (West 2003). The court adjudged him not guilty of that offense.

App. 1995). Stokes cites no pertinent authority to support his contention that the legislature did not intend section 3g(a)(2) to apply in a prosecution for assault aggravated by the use or exhibition of a deadly weapon. In fact, the authority is to the contrary. *See Thomas v. State*, 2 S.W.3d 640, 643 (Tex. App.—Dallas 1999, no pet.). This Court rejected essentially the same contention in a previous unpublished opinion. *Lanier v. State*, No. 03-95-00238-CR, 1996 Tex. App. LEXIS 2668, at *12-13 (Tex. App.—Austin June 26, 1996, pet. ref'd) (not designated for publication).

Stokes's double jeopardy claim is also contrary to existing authority. The Double Jeopardy Clause does, of course, protect against multiple punishments for the same offense. *Patterson v. State*, 96 S.W.3d 427, 431 (Tex. App.—Austin 2002), *aff'd*, No. PD-0177-03, 2004 Tex. Crim. App. LEXIS 1832, at *11 (Tex. Crim. App. Nov. 10, 2004). But a section 3g(a)(2) affirmative finding does not alter or affect the punishment assessed for the offense; it only affects the defendant's eligibility for community supervision and parole. *Pachecano v. State*, 881 S.W.2d 537, 546 (Tex. App.—Fort Worth 1994, no pet.); *see Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) (community supervision is not part of sentence). Community supervision is a privilege, not a right, and the decision to suspend imposition of sentence and place a defendant on community supervision is within the absolute discretion of the trial court. *Speth*, 6 S.W.3d at 533. Stokes's assertion that the affirmative finding in this cause had the effect of increasing his minimum sentence from zero to two years is simply incorrect. *See* Tex. Pen. Code Ann. § 12.33(a) (West 2003) (minimum punishment for second degree felony is imprisonment for two years).

In addition to having no legal merit, Stokes's double jeopardy argument also fails because the record does not support his assertion that the aggravated assault conviction and the affirmative finding were based on the same conduct. The affirmative finding that Stokes used or

4

exhibited a firearm during the commission of the offense obviously rested on his use and exhibition of the shotgun. But in convicting Stokes of aggravated assault, the court may have found that he threatened Fowler with imminent bodily injury by strangling her with a wire cord, an instrument that in the manner of its use was capable of causing serious bodily injury or death. *See* Tex. Pen. Code Ann. § 1.07(a)(17) (West Supp. 2004-05) (defining "deadly weapon"). A conviction on this theory, among others alleged in the indictment and supported by the record, is not inconsistent with the affirmative finding that Stokes also used or exhibited the shotgun during the commission of the offense.

For the reasons stated, we hold that the district court did not misapply art. 42.12, section 3g(a)(2) by entering an affirmative finding in the judgment and that there is no double jeopardy violation apparent on the face of this record. The points of error are overruled and the judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: February 3, 2005

Do Not Publish