Affirmed and Memorandum Opinion filed July 3, 2007








Affirmed and Memorandum Opinion filed July 3, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01148-CR

_______________

 

MANSUR MUNEER SALEH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 300th District Court

 Brazoria County, Texas

Trial Court Cause No. 47,939

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Appellant,
Mansur Muneer Saleh, appeals his conviction for aggravated assault of a public
servant.  He waived his right to a jury and pleaded guilty without an agreed
recommendation regarding punishment.  The trial court sentenced appellant to
eighteen years= confinement.  In three issues, appellant contends the evidence is
legally and factually insufficient to support his conviction, and the trial
court erred by making a deadly weapon finding in the judgment where use of a
deadly weapon was an element of the offense.  Our disposition is based on
clearly settled law.  Accordingly, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4. 









I.  Background 

On
September 13, 2004,  appellant stole a pick-up truck the owner had parked, with
the engine running, in front of a convenience store.  The owner of the truck
alerted police, and a high speed chase ensued.  Appellant drove with the truck
windows down and played music so loud that it could be heard over police
sirens. Appellant drove north on a southbound lane, sped through two school
zones, hit two police vehicles, momentarily lost control and went off the
roadway, and made an obscene hand gesture to police.  Ultimately, appellant
slammed the truck into Officer Matt Kohls=s cruiser on the driver=s side.  The impact pushed  Officer
Kohls=s right knee into the metal-equipment
console.  Officer Kohl=s knee was lacerated, bruised, and swollen, and required
medical treatment.  When appellant was arrested, he said, AI hope y=all had fun because I sure in the
f**k did.@  

Appellant
was charged with aggravated assault of a public servant by striking Officer
Kohls with a vehicle.  In two other indictments, he was charged  with
unauthorized  use of a vehicle and evading arrest in a motor vehicle. 
Appellant plead guilty to all three charges.  He signed an AAffidavit of Admonitions, Waivers,
Judicial Confession, Statements, Plea, Probation and Appeal@ in which he confessed that the Aallegations and facts contained in
the indictment[s]@ were Atrue and correct.@  On the scheduled trial date, the
presiding judge reset the case to allow time for preparation of a presentence
investigation report.  Subsequently,  the court sentenced appellant to eighteen
years= confinement. 

II.  Legal and Factual Sufficiency 

In his
first and second issues, appellant contends the evidence is legally and
factually insufficient to prove he intentionally, knowingly, or recklessly
caused bodily injury to Officer Kohls by striking his patrol vehicle. 








Sufficiency
of the evidence following a guilty plea is reviewed under article 1.15 of the
Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).  The State must offer
sufficient proof to support any judgment based on a guilty plea in a felony
case tried to the court.  See id. (providing that the State must Aintroduce evidence into the record
showing the guilt of the defendant and said evidence shall be accepted by the
court as the basis for its judgment and in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same@); see also Ex Parte Williams,
703 S.W.2d 674, 678 (Tex. Crim. App. 1986).  

We do
not use the traditional Jackson standard for reviewing legal
sufficiency, or the Johnson standard for reviewing factual sufficiency,[1]
in a guilty plea case.  Keller v. State, 125 S.W.3d 600, 604B05 (Tex. App.CHouston [1st Dist.] 2003), pet.
dism=d, improvidently granted, 146 S.W.3d 677 (Tex. Crim. App. 2004) (citing Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979) and Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  Legal-sufficiency-review analysis
under Jackson applies only when the federal constitution places the
burden on the prosecution to establish guilt beyond a reasonable doubt and does
not apply when a defendant knowingly, intelligently, and voluntarily enters a
plea of guilty.  Id. at 605 (citing Ex Parte Williams, 703 S.W.2d
at 682).  There is no federal constitutional requirement of corroborating
evidence when a state criminal defendant pleads guilty, and Jackson does
not apply.  Id.  A plea of guilty waives all nonjurisdictional defenses,
including challenges to the sufficiency of the evidence.  Id. 
Similarly, a defendant who pleads guilty to the court by executing a valid
judicial confession waives any challenge to factual sufficiency of the
evidence.  Id. at 605 (citing Ybarra v. State, 960 S.W.2d 742,
745 (Tex. App.CDallas 1997, no pet.).  








Under
article 1.15, a judicial confession alone is sufficient evidence to sustain a
conviction upon a guilty plea.  Stewart v. State, 12 S.W.3d 146, 148
(Tex. App.CHouston [1st Dist.] 2000, no pet.) (citing Dinnery v. State, 592
S.W.2d 343, 352B53 (Tex. Crim. App. 1979); see also McGill v. State,
200 S.W.3d 325, 330 n.1 (Tex. App.CDallas 2006, no pet.)  The judicial
confession may take the form of an affirmative acknowledgment by the defendant
that the indictment was true and correct.  Id.  

Here,
appellant executed a sworn judicial confession in which he  Aadmit[ted] and judicially confess[ed]@ to the allegations and facts in the
indictment and Astipulat[ed] that the allegations and facts [were] true and
correct and constitut[ed] evidence in this case.@  This judicial confession standing
alone is sufficient under article 1.15 to support appellant=s convictions.  See Keller,
125 S.W.3d at 605B06 (holding judicial confession that provided, AI understand the above allegations
and I confess that they are true . . .@ was sufficient evidence to support
judgment under article 1.15 and Athe record need not otherwise provide
proof@).  Accordingly, appellant=s first and second issues are
overruled. 

III.  Sentence Enhancement 

In his
third issue, appellant contends the trial court erred by enhancing his
punishment based on use of the Asame motor vehicle@ as a deadly weapon. Specifically,
appellant contends the trial court erred by making a deadly weapon finding
because (1) the State gave no notice of its intent to seek an affirmative
finding of the use or exhibit of a deadly weapon, and (2) the affirmative
deadly weapon finding was improper because it was an element of the offense.   

  A.      Notice  








A defendant is entitled to notice when the State seeks an
affirmative finding that a deadly weapon was used during commission of the
charged crime.  Brooks v. State, 847 S.W.2d 247, 248 (Tex. Crim.
App.1993); see also Flenteroy v. State, 187 S.W.3d 406, 411 n.8 (Tex.
Crim. App. 2005).  Specifically, pleading use of a deadly weapon in an
indictment gives a defendant sufficient notice that the State will seek a
deadly weapon finding.  See Ex parte Patterson, 740 S.W.2d 766, 776
(Tex. Crim. App. 1987), overruled on other grounds by, Ex  parte Beck,
769 S.W.2d 525, 527 (Tex. Crim. App. 1989); Alexander v. State, 868
S.W.2d 356, 361 (Tex. App.CDallas 1993, no pet.).  

Here, the State alleged in the indictment that appellant Aintentionally or
knowingly or recklessly caused bodily injury to Matt Kohls by striking a vehicle
occupied by Matt Kohls with a vehicle operated by the defendant, and the
defendant did then and there use or exhibit a deadly weapon, to wit: a
motor vehicle, during the commission of said assault . . .@ (emphasis added). 
Because the State explicitly included the words Adeadly weapon,@ appellant had
sufficient notice that the State would seek a deadly weapon finding.  

B.      Deadly
Weapon Finding

Appellant=s argument pertaining to the deadly weapon
finding is not entirely clear.  Appellant seems to argue that the trial court
was precluded from making a deadly weapon finding in the judgment because use
of a deadly weapon was an element of the offense of aggravated assault of a
public servant.[2]  









We note that Article 42.12, section 3g(a)(2) of the Code of
Criminal Procedure, which pertains to judge-ordered community supervision, does
not apply to a defendant when there is an affirmative finding that he used or
exhibited a deadly weapon during commission of a felony offense or during
immediate flight from commission of a felony offense or was a party to an
offense and knew that a deadly weapon would be used or exhibited.  Tex. Code Crim. Proc. Ann. Art. 42.12, ' 3g(a)(2) (Vernon
2006).  This section further provides that, on an affirmative finding, the
trial court shall enter the finding in the judgment of the court.  Id.  
Several Texas courts of appeals, including this court, have recognized the same
conduct that was an element of an offense can also be the basis for a deadly
weapon finding under article 42.12, section 3g(a)(2).  See  Martinez v.
State, 883 S.W.2d 771, 773 (Tex. App.CFort Worth 1994,
pet. ref=d) (explaining the
deadly weapon finding statutes Arefer generally to a trial of a felony,
making no exception for those felonies where the use of a deadly weapon finding
constitutes an essential element of the offense@); see also
Jones v. State, No. 14-03-00650, 2005 WL 549541, at *10S11 (Tex. App.CHouston [14th
Dist.] March 10, 2005, pet. ref=d) (mem. op.) (holding same conduct can be
used as an element of an offense and also serve as the basis for a deadly weapon
finding under article 42.12, section 3g(a)(2) of the and explaining to hold
otherwise would Aconflict with the unambiguous language of
article 42.12, section 3g(a)(2)@); Thomas v. State, 2 S.W.3d 640,
642B43 (Tex. App.CDallas 1999, no
pet.) (holding in case where defendant pleaded guilty to aggravated assault
with a deadly weapon, that same conduct could be used as an element of an
offense and also serve as the basis for a deadly weapon finding). 

 Finally, appellant contends there is a conflict between
the range of punishment statute for evading arrest and the range of punishment
for aggravated assault.   However, appellant does not explain the purported Aconflict.@  Based on this Aconflict,@ he argues that
the State should be required to plead under the Aspecific statute@ and Anot be allowed to
utilize the use of a motor vehicle twice.@  Appellant cites Chalin
v. State for support. 645 S.W.2d 265, 272 (Tex. Crim. App. 1982).  In Chalin,
the Court of Criminal Appeals explained that Awhen a
proscription for a general class of acts, such as theft, and one for a specific
form of that general class of offenses, such as welfare fraud, conflict as to
the range of punishment, the more specific statute will prevail.@  Id.  However,
evading arrest and aggravated assault are two separate offenses.  They are not
in the same Ageneral class of acts@ as in the example
in Chalin.  Appellant=s third issue is overruled.  

 








Accordingly,
the judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
July 3, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 

 

 

 









[1]  We note that the Court of Criminal Appeals recently
clarified the proper standard for factual sufficiency review.  See Watson v.
State, 204 S.W.3d 404, 405 (Tex. Crim. App. 2006).  In Watson, the
court disavowed the factual sufficiency standard of review articulated in Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004), effectively resurrecting
the Johnson factual sufficiency formulation.  Id. at 414S17.  Watson does not change our analysis in
this case.  





[2]  The judgment on plea of guilty signed by the trial court on October 13,
2005, provides, AFindings on use deadly weapon (in
detail): Affirmative Ca motor vehicle.@