

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00278-CR
### NO. 02-15-00279-CR

AURELLO E. LANDEROS                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1357498D, 1354573D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Aurello[2] E. Landeros appeals from his convictions for exploitation

of a child and for theft of property valued at less than $1,500 and from his

---

[1]*See* Tex. R. App. P. 47.4.

[2]The record alternately refers to appellant as "Aurello" and "Aurelio."  He asserts in his brief that "Aurelio" is his correct and legal name; however, the indictments and judgments recite his name as "Aurello," which he did not challenge in the trial court.  *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 26.07

concurrent five- and two-year sentences. Because we conclude that Landeros's pleas were voluntary and that the record does not support his ineffective-assistance-of-counsel claim, we overrule Landeros's points and affirm the trial court's judgments.

## I. BACKGROUND

A grand jury indicted Landeros with intentionally or knowingly causing the exploitation of a child for monetary or personal benefit, profit, or gain and with theft of property valued at less than $1,500.[3]  *See* Tex. Penal Code Ann. §§ 31.03(a), 32.53(b) (West Supp. 2016).  The exploitation indictment contained a repeat-offender notice that alleged Landeros had previously been convicted of a felony, which enhanced the punishment available to that of a second-degree felony.  *See id.* §§ 12.42(a), 32.53(c) (West Supp. 2016).  The theft indictment included an allegation that Landeros had twice previously been convicted of burglary, rendering this charge a state-jail felony.  *See id.* § 31.03(e)(4)(D).

On April 13, 2015, the trial court held a plea hearing.  Landeros had signed written plea admonishments in each case, which complied with article 26.13(a), showing that he was pleading guilty to both indictments without the benefit of a

---

(West 2009) (mandating name as shown in indictment is taken as true name if not otherwise challenged); *Martin v. State*, 541 S.W.2d 605, 608 (Tex. Crim. App. 1976) ("Questions involving the rule of idem sonans must be raised in the first instance at trial.  If the issue is raised for the first time on appeal, it will be treated as having been waived. . . .").

[3]The exploitation alleged was Landeros's directing his nine-year-old son to participate in the theft.

2

plea-bargain agreement with the State.  Tex. Code Crim. Proc. Ann. art. 26.13(a) (West Supp. 2016).  The trial court orally admonished Landeros of the applicable punishment ranges available for each offense: two to twenty years for exploitation, six months to two years for theft, and a fine not to exceed $10,000.  *See* Tex. Penal Code Ann. § 12.33 (West 2011), § 12.35(a)–(b) (West Supp. 2016).  During the plea colloquy, Landeros affirmed that he understood the ranges of punishment and the absence of a plea bargain regarding sentencing:

> THE COURT: . . . Do you understand [the] charge[s]?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  All right.
>
> Let's go off the record for a minute.
>
> [Discussion off the record.]
>
> THE COURT:  Okay.  We'll go back on the record.  [The trial court admonishes Landeros of the available punishment range for each charged offense.]  Do you understand the range[s]?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  Okay.  All right.  And, of course, you understand that if you plead guilty, you will be subject to those ranges.  Do you understand that?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  And your lawyer and the [S]tate's attorney have discussed these cases, but they have not reached an agreement.  So if you should plead guilty, I'd be setting the punishment within that range that we just talked about.  Do you understand that?
>
> THE DEFENDANT:  Yes, Your Honor.

THE COURT: All right. And you discussed this with your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In fact, we've taken a break here today for you to discuss it some more with him; is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Counsel, your client is mentally competent?

[Landeros's counsel]: I believe he is, Your Honor.

THE COURT: And it's your belief that he understands the full range of punishment in this case?

[Landeros's counsel]: I believe he understands it.

THE COURT: Okay. All right.

THE DEFENDANT: Excuse me, Your Honor. Do you have two seconds of your time?

. . . .

THE COURT: I've got time.

THE DEFENDANT: I understand you're looking at these charges, sir. And [my attorney] explained to me clearly the punishment range you just offered me, the 6 months, and dropping the exploitation charge. And I understand that you're looking at my past history which is almost 10 years old.

THE COURT: Okay. Well, hold on. Hold on. Right now you haven't entered a plea or anything. I'm just - - I can't do all that right now.

[Landeros's counsel]: It's not the time to argue with it.

THE DEFENDANT: All right.

4

[Landeros's counsel]: We have time for that later.

THE COURT: The only thing I'm saying to you is these are the charges. That if you should plead guilty, that's the range of punishment that you're subject to. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

Landeros then pleaded true to the repeat-offender notice in the exploitation indictment and guilty to both indictments, which the trial court found to be voluntary and accepted. The trial court then ordered a presentence-investigation report be prepared before sentencing. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d), art. 42.12, § 9 (West Supp. 2016).

At the July 23, 2015 sentencing hearing, Landeros did not further question the available punishment ranges or indicate that he believed the exploitation charge would be "dropp[ed]" as he indicated at the plea hearing. He did urge the trial court to sentence him to community supervision, which the State opposed. The trial court, after considering the presentence-investigation report and Landeros's mitigation evidence, did not assess any fines, but sentenced Landeros to five years' confinement for exploitation and two years' confinement for theft, to run concurrently. *See* Tex. Penal Code Ann. § 32.53(d). The trial court certified that Landeros had the right to appeal, and Landeros timely filed a notice of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 26.2(a). In two points, Landeros argues that his guilty pleas were involuntary[4] and that trial counsel was

---

[4]Landeros's first point initially contends that the trial court erred by failing to further inquire into Landeros's apparent confusion regarding the available

5

constitutionally ineffective based on his pre-plea statement that the exploitation charge would be "dropp[ed]."

## II. VOLUNTARINESS OF PLEAS

A trial court may not accept a guilty plea unless it appears that the defendant was mentally competent and entered the plea freely and voluntarily. *See* Tex. Code Crim. Proc. Ann. art. 26.13(b). When a defendant is properly admonished before entering his plea, including the admonishment regarding the range of punishment, a prima-facie showing of voluntariness is established, which shifts the burden to the defendant to show he pleaded guilty without understanding the consequences of his plea. *See id.* art. 26.13(a), (c); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). A guilty plea is not rendered involuntary merely because a defendant received a greater punishment than anticipated. *See Lemmons v. State*, 133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref'd).

Appellant does not argue that the trial court's admonishments were defective. Indeed, the trial court substantially complied with the statutory requirements before accepting Appellant's guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a), (c). Additionally, Appellant signed written plea

---

punishments at the plea hearing, rendering his pleas involuntary. However, the entirety of his briefing on this point focuses on the involuntary nature of his pleas based on the admonishments actually given, not on any inaction or omission by the trial court. Thus, we will address this point as Landeros briefed it—whether his pleas were voluntary under article 26.13(b). Tex. Code Crim. Proc. Ann. art. 26.13(b).

6

admonishments, which included the available ranges of punishment, and affirmed that he signed them freely and voluntarily and was "aware of the consequences of [his] plea[s]." Thus, Appellant must affirmatively show that he was not aware of the consequences of his pleas and was misled or harmed by the admonishments. *See id.* art. 26.13(c); *Martinez*, 981 S.W.2d at 197. This burden is a high one that is difficult to meet in light of proper admonishments. *See Starks v. State*, 266 S.W.3d 605, 614 (Tex. App.—El Paso 2008, no pet.).

The record shows that Landeros was able to understand and answer the trial court's questions and affirmed he was pleading guilty freely and voluntarily. Although it seems Landeros believed the exploitation charge would be "dropp[ed]" even though he was pleading guilty without a plea-bargain agreement with the State, the trial court consistently and accurately admonished him of the available ranges. Indeed, Landeros affirmed that he understood the ranges and the trial court's authority to impose any sentence within those ranges. Thus, the record affirmatively discloses that Landeros did not have an "incomplete understanding" of the charges and the available punishments such that his pleas were rendered involuntary. *Davison v. State*, 405 S.W.3d 682, 686–87 (Tex. Crim. App. 2013). In short, even if Landeros were mistaken, he was not misled by the admonishments; thus, his pleas were voluntary. *See Tabora v. State*, 14 S.W.3d 332, 334–35 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (concluding plea was voluntary even though defendant mistakenly believed he was eligible for deferred adjudication and the misunderstanding was not the

7

result of the trial court's actions); *cf. Ex parte Palmberg*, 491 S.W.3d 804, 809 (Tex. Crim. App. 2016) ("[T]he voluntariness of a defendant's guilty plea is not contingent upon his awareness of the full dimension of the prosecution's case."). Appellant has failed to meet his burden to show that he was misled or misinformed and unaware of the consequences of his pleas as they related to the available punishment ranges. *See Ward v. State*, Nos. 2-08-427-CR, 2-08-428-CR, 2009 WL 4642008, at *4–5 (Tex. App.—Fort Worth Dec. 3, 2009, no pet.) (mem. op., not designated for publication); *Smith v. State*, No. 05-92-01947-CR, 1995 WL 307384, at *7–8 (Tex. App.—Dallas May 12, 1995, no pet.) (not designated for publication). We overrule point one.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his second point, Landeros contends that trial counsel was constitutionally ineffective by failing to advise him of the "ramifications" of his pleas, specifically that there was no plea-bargain agreement with the State. He asserts that "[h]ad defense counsel not [led] Landeros to believe that by pleading guilty he would be sentenced to 6 months and have his second charge dropped[,] he would not have plead[ed] guilty and would have proceeded to have a trial on the merits."

In the context of a claim that counsel's ineffectiveness resulted in an involuntary guilty plea, the defendant must show that (1) counsel's advice was outside the range of competency demanded of attorneys in criminal cases and (2) but for counsel's erroneous advice, the defendant would not have pleaded

8

guilty and would instead have gone to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). Our review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Landeros argues that the record clearly showed that he "did not fully understand what he was pleading to and made his decision based primarily on a discussion that was made off of the record to which Landeros referred to in his brief exchange with the court." A defendant's bare assertion that his counsel misinformed him of the consequences of his guilty plea is insufficient proof that his plea was rendered involuntary; such an allegation must be supported with independent corroborating evidence. *See Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). Landeros's question to the court does not independently corroborate his assertion that his counsel gave him erroneous advice; thus, Landeros has failed to establish trial counsel's advice was outside the range of competence. *See George v. State*, No. 03-05-00415-CR, 2007 WL 1451995, at *3–4 (Tex. App.—Austin May 16, 2007, no pet.) (mem. op., not designated for publication); *Rivera v. State*, No. 14-01-00795-CR, 2002 WL 31426696, at *4 (Tex. App.—Houston [14th Dist.] Oct. 31, 2002, no pet.) (not

9

designated for publication); *Thomas v. State*, 2 S.W.3d 640, 641–42 (Tex. App.—Dallas 1999, no pet.).  We overrule point two.

## IV.  CONCLUSION

Having overruled Landeros's points, we affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 22, 2016