Vicente Lara **MARTINEZ** a/k/a Jose Antonio Martinez, Appellant,

v.

**The STATE of Texas, State.**

**No. 2–93–204–CR; 2–93–205–CR.**

Court of Appeals of Texas, Fort Worth.

Sept. 28, 1994.

Nekhom, Barnett & Emerson, Deborah Nekhom and J. Rex Barnett, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Helena F. Faulkner, Asst., Fort Worth, for appellee.

Before HILL, C.J., LATTIMORE and FARRAR, JJ.

## OPINION

HILL, Chief Justice.

Vicente Lara Martinez was convicted by a jury of the offenses of involuntary manslaughter—driving while intoxicated and failure to stop and render aid. The jury assessed his punishment for each of these offenses at five years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $2500 fine. The jury found that Martinez used a deadly weapon in connection with the manslaughter offense. Martinez contends in three points of error that: (1) it was error for the judgment to contain an affirmative finding of the use of a deadly weapon, because the actions that constitute the alleged use of the deadly weapon are an essential element of the offense itself; (2) the evidence is insufficient to support the finding of the use of a deadly weapon because there is no showing that he possessed any intent to utilize the vehicle as a deadly weapon; and (3) the entering of a deadly weapon finding, where the actions that were alleged to constitute the use of the deadly weapon were an essential element of the offense, violated Martinez's double jeopardy protections.

We affirm because we hold that the fact that Martinez's use of a deadly weapon, in this case his automobile, constituted an element of the offense for which he was convicted did not preclude a deadly weapon finding, since there is no conflict between the range of punishment for the offense of invol-

untary manslaughter—D.W.I. and the deadly weapon finding, and such a finding does not violate Martinez's rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; and because we hold that evidence that Martinez used his vehicle as a deadly weapon in the manner required for conviction of the offense of involuntary manslaughter—D.W.I. is sufficient to support the deadly weapon finding since there is no requirement that he have intended to cause death for there to be such a finding.

Martinez, in three points of error, attacks the jury's finding that he used a deadly weapon in the commission of the offense of involuntary manslaughter—D.W.I. While driving in an intoxicated state, and while driving erratically and at high speed, Martinez slammed his pickup truck into an Arlington Police Department patrol car, killing two officers.

Article 42.12, section 3g(a)(2) of the Texas Code of Criminal Procedure provides that section 3 of that article, dealing with judge-ordered community supervision, does not apply to a defendant when there is an affirmative finding that the defendant used or exhibited a deadly weapon during the commission of a felony offense or during immediate flight from the commission of a felony offense or was a party to an offense and knew that a deadly weapon would be used or exhibited. This section further provides that an affirmative finding is to be entered in the judgment of the court.

Article 42.18, sections 8(b)(3) and 8(c) contain certain restrictions on the granting of parole or mandatory supervision to a prisoner whose judgment contains such an affirmative finding.

As applicable in this case, "deadly weapon" is defined as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."[1]

Martinez contends in points of error numbers one and three that it was error for the trial court judgment to contain an affirmative

finding of the use of a deadly weapon, because the actions that constitute the alleged use of the deadly weapon are an essential element of the offense itself as the offense is outlined by statute and because such a use violates his rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

■ The essential elements for the offense of involuntary manslaughter in this case are that: (1) the defendant; (2) operated a motor vehicle; (3) while intoxicated; (4) by accident or mistake; (5) caused the death of an individual; and (6) defendant's intoxication caused the death. *Daniel v. State,* 577 S.W.2d 231, 233 (Tex.Crim.App. [Panel Op.] 1979).

■ Essentially, then, the State must indeed prove that the defendant operated a motor vehicle in such a manner that it is capable of causing death. Consequently, we agree with Martinez's contention that the use of a motor vehicle as a deadly weapon was an essential element of the offense for which he was convicted. However, we see nothing in the statutory scheme that indicates that the provisions referring to the affirmative finding of the use of a deadly weapon are not to be applicable in cases where such use is an essential element of the offense.

Martinez refers us to *McWilliams v. State,* 782 S.W.2d 871, 875 (Tex.Crim.App.1990) and *Wisdom v. State,* 708 S.W.2d 840, 845 (Tex.Crim.App.1986) as authority that the use of a prior conviction to prove an essential element of an offense bars the subsequent use of that prior conviction in the same indictment for enhancement purposes. While those cases are authority for that rule of law, the rule has no application in this case.

The reason for the rule regarding such use of prior convictions is that special statutes provide for a range of punishment for certain offenses that occur subsequent to a final conviction for a similar offense. The use of that same conviction pursuant to the general enhancement statute presents a conflict as to what range of punishment should apply: the

---

1. Act effective Jan. 1, 1974, 63rd Leg., R.S., ch. 399, § 1.07(a)(11)(B), 1973 Tex.Gen.Laws 883, 887, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3588 (current version at Tex.Penal Code Ann. § 1.07(a)(17)(B) (Vernon 1994)).

range established by the special statute or the range established by the general enhancement statute. By announcing the rule under discussion, the courts have held that the range of punishment established by the special statutes controls.

In this case, including the fact that Martinez used a deadly weapon as an essential element of his offense and then including a deadly weapon finding in the judgment creates no conflict with the range of punishment established for involuntary manslaughter—D.W.I. Absent such a conflict, there is no reason not to apply the provisions regarding a deadly weapon finding.

■ Martinez argues that it is a violation of his double jeopardy protections to impose multiple punishments for one act unless such legislative intent is clearly manifested. Martinez is correct in contending that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prevents the sentencing court from prescribing greater punishment than the legislature intended. *See Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983). The Supreme Court of the United States held in *Missouri* that trying a defendant in one trial for both first-degree robbery (which included the element of the use of a dangerous or deadly weapon) and the offense of armed criminal action, of which the defendant was guilty, according to statute, because of his use of such a weapon, and assessing separate punishment for each, all pursuant to state statute, did not violate the Double Jeopardy Clause because it was what the legislature intended. *Id.* at 368–69, 103 S.Ct. at 679, 74 L.Ed.2d at 544. We hold that the same rule is applicable here, where the legislature has provided that, in a felony conviction, one's status with respect to probation or parole is affected where one has used a deadly weapon.

Martinez urges that the legislature did not intend for the deadly weapon finding statutes discussed above to include those criminal offenses in which the use of a deadly weapon is an essential element of the offense. We do not agree. The statutes in question refer generally to a trial of a felony, making no exception for those felonies where the use of a deadly weapon finding constitutes an essential element of the offense.

Martinez contends that when a general provision conflicts with a special or local provision, the special or local provision controls unless there is a clear indication that the general provision is to control, citing *Chalin v. State,* 645 S.W.2d 265, 272 (Tex.Crim.App. 1983) (op. on reh'g) and *Edwards v. State,* 166 Tex.Crim. 301, 302, 313 S.W.2d 618, 619 (1958). We find both cases to be distinguishable. In *Chalin,* the court, in its opinion on rehearing, held that where an isomer of methamphetamine was specifically named in Schedule IV of the Texas Controlled Substances Act, TEX.HEALTH & SAFETY CODE ANN. §§ 481.033, 481.035 (Vernon 1992), it could not be considered to be included in the general class of isomers of methamphetamine contained in Schedule II of the Act. *Chalin,* 645 S.W.2d at 272. In dicta, the court also used the example of the situation where the penal code provides for one punishment for theft and another punishment for welfare fraud. Both examples in *Chalin* involved situations where the range of punishment would be different, depending upon which statute was considered controlling. Likewise, in *Edwards,* the court held that where a statute provided for the range of punishment in D.W.I. cases where there is a previous conviction, conflicting ranges of punishment in the general enhancement statute were not applicable. *Edwards,* 313 S.W.2d at 619. As we have previously noted, in this case the nature of the results of a deadly weapon finding show no inconsistency with the ranges of punishment provided for the specific felonies to which the deadly weapon findings are applicable. We see nothing that would lead us to any other conclusion but that the legislature intended for the deadly weapon provisions to apply in every felony case as the context of the law suggests. We overrule points of error numbers one and three.

Martinez asserts in point of error number two that the evidence is insufficient to support the finding of the use of a deadly weapon, because there is no evidence that he intended to utilize his automobile as a deadly weapon.

Martinez does not question the fact that the evidence is sufficient to establish that his automobile was used as a deadly weapon; he only argues that there is no evidence that he intended to use it in that manner. One of the definitions of "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PENAL CODE ANN. § 1.07(a)(17)(B). Evidence that Martinez used the automobile in a manner that was capable of causing death was sufficient to support the finding that he used a deadly weapon without a showing that he intended to cause death. *Roberts v. State*, 766 S.W.2d 578, 580 (Tex.App.—Austin 1989, no pet.). We overrule point of error number two.

The judgment is affirmed.