Hamer v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-231-CR

        DALE ALLEN HAMER,
                                                                                               Appellant
        v.

        THE STATE OF TEXAS,
                                                                                               Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 30909
                                                                                                    

O P I N I O N
                                                                                                    

          Dale Allen Hamer appeals his conviction for intoxication manslaughter. Tex. Penal Code
Ann. § 49.08 (Vernon 1994).
          The following facts are undisputed. In the early morning hours of May 19, 1995, Hamer
and Joe Dale Donald, Jr. were travelling southbound on Interstate 35W near mile-post nineteen
when the Ford station wagon they were in veered onto the shoulder and struck the rear of a trailer
attached to a semi-truck. As a result of the accident, Hamer was thrown from the car and Donald
was killed. Hamer was charged by indictment for the offense of intoxication manslaughter. Id. 
A jury convicted Hamer and assessed punishment at twenty years' incarceration in the Institutional
Division of the Texas Department of Criminal Justice and a fine of $10,000. Id. § 12.33 (Vernon
1994). In the final judgment, the trial court found the vehicle to be a deadly weapon. In a single
point of error, Hamer argues the evidence is factually insufficient to prove beyond a reasonable
doubt that he was the driver of the vehicle at the time of the accident. We disagree and affirm his
conviction. 
          The State was required to prove each and every element of the offense of intoxication
manslaughter beyond a reasonable doubt. See id. § 2.01 (Vernon 1994). The elements of
intoxication manslaughter are: (1) the defendant; (2) operated a motor vehicle; (3) while
intoxicated; (4) by accident or mistake; (5) caused the death of a person; and (6) the defendant's
intoxication caused the death of the person. Id. § 49.08; Martinez v. State, 883 S.W.2d 771, 773
(Tex. App.—Fort Worth 1994, pet. ref'd) (citing Daniel v. State, 577 S.W.2d 231, 233 (Tex.
Crim. App. [Panel Op.] 1979)). Hamer argues the evidence presented at trial is factually
insufficient to prove he was the "operator" of the vehicle.
          The proper standard for reviewing the factual sufficiency of a judgment is whether the
evidence, both for and against the jury's verdict, demonstrates that the conviction is clearly wrong
and unjust. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). Since the issuance
of the Clewis opinion, this court has held firm to the position that, even though we are authorized
to review all the evidence and determine if there is factually sufficient evidence to support the
verdict, due deference will be given to the jury's findings. See Mata v. State, 939 S.W.2d 719,
725 (Tex. App.—Waco 1997, no pet.); Hernandez v. State, 938 S.W.2d 503, 512 (Tex.
App.—Waco 1997, pet. filed); Desselles v. State, 934 S.W.2d 874, 878 (Tex. App.—Waco 1996,
no pet.); see also Jones v. State, No. 72,026, slip op. at 4-5 (Tex. Crim. App. December 18,
1996). Furthermore, we acknowledge that the jury is free to draw reasonable inferences from
basic facts presented at trial. Broden v. State, 923 S.W.2d 183, 189-90 (Tex. App.—Amarillo
1996, no pet.); see Jones, slip op. 4-5; Clewis, 922 S.W.2d at 135. 
          Considering all the evidence, both for and against the verdict, we conclude that the verdict
is factually supported by the record and that Hamer was the "operator" at the time of the accident. 
Horace Hooper, Hamer's landlord, testified that, on May 18, 1995, he loaned Hamer a Ford
station wagon so Hamer could return to Hooper's house the next day. Hooper related that he did
not see Hamer until approximately two weeks later when Hamer visited Hooper's home. 
According to Hooper, Hamer told him that he had wrecked the car when he collided with a semi-truck and trailer which was parked on the shoulder of Interstate 35. Hooper testified that Hamer
told him that he had been drinking while driving the car and that as a result of the collision
Hamer's passenger had been decapitated. 
          Johnny Bekkelund, a sixteen-year veteran trooper with the Texas Department of Public
Safety, testified that he was called to an accident on May 19, 1995, between 2:00 a.m. and 3:00
a.m. As an "accident reconstructionist" for the DPS, he testified that the deceased was "pinned"
in the car in the same position as he had been in at the time of impact, the passenger's seat, and
that it would not have been possible for the deceased to have been thrown into that position as a
result of the collision. He further stated that the deceased's head struck the back left corner of the
trailer. A picture was introduced into evidence showing the corner of the trailer with brain matter
on it.
          Trooper Monty Grimes also testified during the State's case-in-chief. According to
Trooper Grimes, upon investigating the scene of the accident, he determined that there had been
two people in the car, the driver, who was taken to a Fort Worth hospital via helicopter, and the
deceased, the decapitated passenger. Trooper Grimes testified that when he questioned Hamer at
the hospital several hours after the accident as to what had happened, Hamer told him that the
person who was riding with him had grabbed the wheel of the car.
          The driver of the semi-truck and trailer, James Herbold, also testified. He stated that, after
the collision, he saw a man lying prone in the passing lane of the interstate. Believing the man
to be dead, Herbold proceeded to search the area for others who might have been thrown from the
car. Finding no one else, Herbold looked in the car and found a person in the front passenger's
seat with his head sheared off. Herbold testified that, a few moments after the collision, the man
lying on the road began to move and moan. When Herbold went to the man's aid, the man stated
that he "was going to whip somebody's ass for parking that truck right there where [he] could hit
it." Herbold identified Hamer as the man who had been thrown from the car.
          Reviewing the evidence presented at trial, we conclude that the evidence is sufficient to
prove beyond a reasonable doubt that Hamer was the operator of the vehicle at the time of the
accident. Hamer borrowed the Ford station wagon, the car involved in the accident, on May 18,
1995, from Hooper. The accident which killed Donald occurred in the early morning hours of
May 19, 1995. The truck driver at the scene testified that he heard Hamer not only admit to
driving the car but threaten to "whip somebody's ass" for parking the truck on the shoulder. 
Furthermore, the only people found at the accident scene were Hamer and the deceased. Trooper
Bekkelund testified that the deceased was pinned in the vehicle as a result of the car's impacting
with the truck and that the deceased could not have been thrown into that position. Trooper
Grimes testified that Hamer stated that his passenger had grabbed the wheel of the car prior to the
collision. And finally, Hooper testified that Hamer went to Hooper's house two weeks after
Hamer's accident to tell Hooper that Hamer had wrecked Hooper's Ford station wagon and that
the person riding with Hamer had been decapitated. Based on the foregoing evidence, we find that
the evidence is more than factually sufficient to support the jury's implied finding that Hamer was
the operator of the vehicle. Hamer's sole point of error is overruled.
          The judgment is affirmed.


                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 7, 1997
Do not publish