NO. 12-03-00167-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THE STATE OF TEXAS,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


NANCY BOYD HAYS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 The State of Texas (the "State") appeals the trial court's grant of a motion to quash. In
its sole issue on appeal, the State argues that the trial court erred because neither case law nor
statutes support its holding. We reverse and remand.


Background

 Nancy Boyd Hays ("Appellee") was indicted for evading arrest. (1) The indictment alleged
that, on or about November 21, 2002, Appellee, while using a vehicle, intentionally fled from
Chad Sparkman, a person she knew was a peace officer who was attempting lawfully to arrest or
detain her. Additionally, the indictment alleged that Appellee used or exhibited a deadly weapon,
to wit: a vehicle, during the commission or immediate flight from the offense. Further, the
indictment included one enhancement paragraph alleging a prior felony offense.

 On or about March 20, 2003, Appellee filed a motion to quash the indictment. Appellee
contended that the deadly weapon allegation was duplicative and illegally increased the applicable
range of punishment for the offense. Moreover, Appellee argued that, if she were to stand trial on
the offense and a deadly weapon finding were made by the trier of fact, she would face an
unconstitutional enhancement because the use of the vehicle is an element of the offense with its
own increased punishment. After a hearing on April 14, 2003, the trial court requested briefs on
the issue. Both the State and Appellee submitted briefs on Appellee's motion. On or about May
19, 2003, the trial judge granted Appellee's motion to quash. This appeal followed.


Motion to Quash Indictment

 On appeal, the State contends in one issue that the trial court abused its discretion in
granting Appellee's motion to quash the indictment. Further, the State argues that neither Section
38.04 nor Section 12.35 of the Texas Penal Code prohibits the State from increasing the
punishment of an offense. Moreover, the State contends that the element of the use of a vehicle
while committing the offense of evading arrest does not encompass the finding that the vehicle
was a deadly weapon. Appellee argues that the range of punishment may not be enhanced by
alleging the use of a vehicle as a deadly weapon when use of that same vehicle is a necessary
element of the underlying state jail felony offense.

 We review a trial court's ruling on a motion to quash an indictment for an abuse of
discretion. Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim. App. [Panel Op.] 1980); Manning
v. State, 112 S.W.3d 740, 743 (Tex. App.-Houston [14th Dist.] 2003, no pet.). Section 38.04 of
the Texas Penal Code states that a person commits an offense if she intentionally flees from a
person she knows is a peace officer attempting lawfully to arrest or detain her. Tex. Pen. Code
Ann. § 38.04(a). The offense is a Class B misdemeanor. Tex. Pen. Code Ann. § 38.04(b). If
the actor uses a vehicle while in flight and has not been previously convicted under this section,
the offense is a state jail felony. Tex. Pen. Code Ann. § 38.04(b)(1). However, if the actor is
adjudged guilty of a state jail felony and the actor used or exhibited a deadly weapon during the
commission of the offense or during immediate flight following the commission of the offense,
then the actor will be punished for a third degree felony. Tex. Pen. Code Ann. §12.35(c)(1)
(Vernon 2003). 

 Theoretically, all felonies are susceptible to an affirmative finding of the use or exhibition
of a deadly weapon. Patterson v. State, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989). In Tyra
v. State, the court of criminal appeals held that the phrase "used or exhibited a deadly weapon
during commission of a felony offense" in Article 42.12, Section 3g(a)(2) (2) of the Texas Code of
Criminal Procedure does not mean the use or exhibition of a deadly weapon during the commission
of an offense which does not otherwise require such use or exhibition. Tyra v. State, 897 S.W.2d
796, 798 (Tex. Crim. App. 1995); see Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon
Supp. 2004). Nothing in that phrase implies that a deadly weapon must be used to commit an
"associated offense," or a separate and distinct felony offense. Tyra, 897 S.W.2d at 798. Further,
appellate courts have found nothing in the statutory scheme indicating that provisions regarding
an affirmative deadly weapon finding are not applicable in cases where use of a deadly weapon is
an essential element of the offense. See Thomas v. State, 2 S.W.3d 640, 642-43 (Tex.
App.-Dallas 1999, no pet.); Martinez v. State, 883 S.W.2d 771, 774 (Tex. App.-Fort Worth 1994,
pet. ref'd). 

 Similarly, Section 38.04 of the Texas Penal Code does not contain language prohibiting
a finding that a vehicle used by an individual while in flight is a deadly weapon. See Tex. Pen.
Code Ann. § 38.04. Moreover, Section 12.35(c)(1) of the Texas Penal Code refers generally to
an individual adjudged guilty of a state jail felony who uses or exhibits a deadly weapon during
the commission of the offense or during immediate flight thereafter, making no exceptions for
felonies where the use of a deadly weapon is an essential element of the offense. Tex. Pen. Code
Ann. § 12.35(c)(1); see Thomas, 2 S.W.3d at 642; Martinez, 883 S.W.2d at 774. Therefore, we
conclude that an affirmative finding of a deadly weapon is permitted even where the use of the
instrumentality characterized as a deadly weapon is an essential element of the committed offense. 
 See Thomas, 2 S.W.3d at 642-43; Martinez, 883 S.W.2d at 774. Consequently, the State is not
prohibited from alleging that Appellee's use of the vehicle is both an element of the state jail
felony offense and the third degree felony. We sustain the State's sole issue.



Conclusion

 The trial court abused its discretion in granting Appellee's motion to quash the indictment. 
Accordingly, we reverse the order of the trial court and remand for further proceedings.



 DIANE DEVASTO 

 Justice



Opinion delivered December 23, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




























(DO NOT PUBLISH)
1. Tex. Pen. Code Ann. § 38.04(a) (Vernon 2003).
2. Article 42.12, Section 3g of the Texas Code of Criminal Procedure concerns limitations on the
applicability of judge ordered community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g. In Section
3g(a)(2), judge ordered community supervision does not apply to a defendant when it is shown that the defendant
used or exhibited a deadly weapon during the commission of a felony offense or during the immediate flight
therefrom. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2).