In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00212-CR

                                                ______________________________

 

 

                                     THE STATE OF
TEXAS, Appellant

 

                                                                V.

 

                          CHRISTOPHER CHARLES BROWN, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23360

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss

Concurring Opinion by Justice Carter








                                                                   O P I N I O N

 

            In its
indictment, the State alleged that, on or about July 26, 2009, Christopher
Charles Brown fled from Officer Ronnica Blake in a motor vehicle—a violation of
Section 38.04 of the Texas Penal Code[1]—and
that, in the process, Brown used or displayed a deadly weapon, that is, the
motor vehicle.  The deadly weapon
allegation, if proven, would make the offense punishable as a third-degree
felony.  Tex. Penal Code Ann. § 12.35 (Vernon Supp. 2009).

            Brown
presented a two-fold attack on the indictment in the trial court, and the trial
court quashed the indictment.  On appeal,
both issues are addressed by the State and by Brown.  We therefore address both issues.  We reverse the order quashing the indictment
because (1) the indictment’s deadly weapon allegation is appropriate, and (2) the
indictment provides sufficient notice of the offense.

(1)        The Indictment’s
Deadly-Weapon Allegation Is Appropriate

 

            The State contends it was improper to quash the
deadly-weapon allegation in the indictment because the offense of evading
arrest with a vehicle is susceptible to an affirmative deadly-weapon finding.[2]

            We initially
determine the appropriate standard of review to be employed when reviewing a
trial court’s decision to quash an indictment.  The amount of deference appellate courts
afford a trial court’s rulings depends on which “judicial actor” is better
positioned to decide the issue.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  The sufficiency of an
indictment is a question of law.  State v. Moff, 154 S.W.3d 599, 601 (Tex.
Crim. App. 2004).  Here, the decision of
the trial court was based solely on the indictment, the motion to quash, and
the argument of counsel.  “When the
resolution of a question of law does not turn on an evaluation of the
credibility and demeanor of a witness, then the trial court is not in a better
position to make the determination, so appellate courts should conduct a de
novo review of the issue.”  Id. 
We therefore apply a de novo standard in our review of the trial court’s
decision to quash the indictment.

            Brown
emphasizes the fact that the indictment fails to allege either of the
contingencies permitting enhancement of the base offense under Section 38.04 to
a third-degree felony.[3]  Instead, Brown asserts, the language of the
indictment attempts to enhance a state-jail felony to a third-degree felony by
the “verbal trick” of using the same essential allegation—use of a vehicle— to
upgrade the base class B misdemeanor to a state-jail felony.  Brown claims this amounts to an impermissible
double enhancement.

            In support
of his position that a deadly weapon allegation cannot be appended to an
offense charged under Section 38.04, Brown notes that Section 38.04 does not
include an enhancement provision based on the use of a deadly weapon.  See
Tex. Penal Code Ann. § 38.04.  Brown further relies on the language of Section
38.03, which specifically includes a provision for enhancement based on the use
of a deadly weapon.[4]  Tex.
Penal Code Ann. § 38.03 (Vernon 2003). 
Brown therefore contends that, in light of the inclusion of a deadly
weapon enhancement in the preceding section of the statute, the Legislature did
not intend such an enhancement to apply to Section 38.04.[5]  See
Tex. Penal Code Ann. § 38.04.

            When we
interpret a statute, we look to the literal text for its meaning, and we
ordinarily give effect to that plain meaning, unless the plain language is
ambiguous or the application of the statute’s plain language would lead to
absurd consequences that the Legislature could not possibly have intended.  State
v. Webb, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000); Bunton v. State, 136 S.W.3d 355, 363 (Tex. App.—Austin 2004, pet.
ref’d).  Section 38.04 of the Texas Penal
Code does not contain language prohibiting a finding that a vehicle used by an
individual while in flight is a deadly weapon.  See Tex. Penal Code Ann. § 38.04. 
Moreover, Section 12.35(c)(1) refers generally to an individual adjudged
guilty of a state-jail felony who uses or exhibits a deadly weapon during the
commission of the offense or during immediate flight thereafter, making no
exceptions for felonies where the use of a deadly weapon is an essential
element of the offense.  The language of Section
12.35 is not permissive; rather, it is mandatory.  “An individual adjudged guilty of a state
jail felony shall be punished for a
third degree felony if it is shown at trial” that a deadly weapon was used or
exhibited during the commission of the offense or immediate flight therefrom.  Tex. Penal Code Ann. § 12.35(c)(1)
(emphasis added).

            The plain
language of Section 12.35(c)(1) is neither ambiguous, nor does its application
to the state-jail felony of evading arrest or detention by fleeing in a vehicle
lead to absurd consequences that the Legislature could not have
envisioned.  Further, Texas caselaw
supports the proposition that an affirmative finding of a deadly weapon is
permitted even where the use of the instrumentality characterized as a deadly weapon
is an essential element of the committed offense.

            Our sister
court in Fort Worth addressed a similar issue. 
See Martinez v. State, 883 S.W.2d 771 (Tex. App.—Fort Worth 1994, pet.
ref’d).  Martinez was convicted of
involuntary manslaughter for causing the victim’s death as a result of driving
while intoxicated.  The jury found that
Martinez used a deadly weapon—a vehicle—during commission of the offense.  On appeal, Martinez argued that the deadly
weapon finding violated his double jeopardy rights because the action
constituting the use of the deadly weapon (driving a vehicle while intoxicated)
was also an essential element of the charged offense.  In rejecting this argument, the Martinez court recognized that the
relevant statute made no exception for enhancement of felonies when the use of
a deadly weapon is an essential element of the offense.  The court concluded, “We see nothing that
would lead us to any other conclusion but that the Legislature intended for the
deadly-weapon provisions to apply in every felony case as the context of the
law suggests.”  Id. at 774; cf. Tyra v. State,
897 S.W.2d 796, 798 (Tex. Crim. App. 1995) (stating that prior caselaw does not
support “the proposition that the phrase ‘used or exhibited a deadly weapon
during the commission of a felony offense’ necessarily means ‘used or exhibited
a deadly weapon during the commission of an offense which does not otherwise
require the use or exhibition of a deadly weapon’”); Patterson v. State, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989)
(agreeing with lower court’s conclusion that “all felonies are theoretically
susceptible to an affirmative finding of use or exhibition of a deadly
weapon”).

            Likewise, in
Thomas v. State, 2 S.W.3d 640 (Tex.
App.—Dallas 1999, no pet.), Thomas claimed the trial court’s failure to delete
a deadly weapon allegation from the indictment was error because the same
allegation was used to raise the charged offense from misdemeanor assault to
felony assault under Section 22.02(a)(2) of the Texas Penal Code.[6]  In overruling this point of error, the court
relied on the reasoning used in Martinez,
finding it to be persuasive.  Id. at 643. 

            Section
12.35 of the Texas Penal Code makes no exception to the enhancement requirement
where, as here, the instrumentality alleged to be a deadly weapon is also an
essential element of the offense to be enhanced.  Moreover, we find the reasoning of Martinez to be persuasive and further
find no authority to support the proposition that the deadly weapon allegation
could not appropriately be appended to the indictment against Brown.  Accordingly, we overrule this point of error.

(2)        The Indictment Provides
Sufficient Notice of the Offense

 

            The
State also contends that, because the indictment precisely tracked the
statutory language of Sections 38.04 and 12.35(c)(1) of the Texas Penal Code,
it provided Brown with sufficient notice of the offense with which he was
charged.  As previously noted, Brown was
indicted for evading arrest while using a motor vehicle, a state-jail felony
under Section 38.04(b)(1) of the Texas Penal Code.  Tex.
Penal Code Ann. § 38.04(b)(1).  In
addition, the indictment alleged the use of a motor vehicle as a deadly weapon
in the commission of the offense, making the offense punishable as a third-degree
felony.[7]  

            The
indictment against Brown consists of a cover page[8]
and a second page containing a caption, three paragraphs of text, and the
signature of the foreman of the grand jury.[9]  Brown contends the indictment fails to allege
facts which permit enhancement of the base offense to a third-degree felony
under Section 38.04 of the Texas Penal Code,[10]
and further contends that Section 38.04 does not permit enhancement of the
offense of evading arrest to a felony of the third degree for the use or
exhibition of a deadly weapon. 
Accordingly, Brown concludes that the enhancement was apparently based
on the deadly weapon enhancement provision in Section   38.03
of the Texas Penal Code.[11]
 The result, Brown says, is that the
indictment is so unclear it fails to provide sufficient notice of the offense
with which he has been charged, thus rendering the indictment defective.  We disagree.

            The Texas
Constitution and Texas Code of Criminal Procedure require that an indictment
provide an accused with adequate notice. 
Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon
2005); Curry v. State, 30 S.W.3d 394, 398 (Tex. Crim. App.
2000), overruled in part on other grounds
by Gollihar v. State, 46 S.W.3d
243 (Tex. Crim. App. 2001).  This
constitutional mandate requires that the charging instrument convey adequate
notice from which the accused may prepare his or her defense.  Moff,
154 S.W.3d at 601.  Article 21.11 of the Texas
Code of Criminal Procedure provides, in pertinent part:

     An
indictment shall be deemed sufficient which charges the commission of the
offense in ordinary and concise language in such a manner as to enable a person
of common understanding to know what is meant, and with that degree of
certainty that will give the defendant notice of the particular offense with
which he is charged . . . . 

 

Tex. Code Crim. Proc. Ann. art. 21.11
(Vernon 2009).

 

            The
sufficiency of an indictment is a question of law reviewed de novo.  Moff,
154 S.W.3d at 601.  In determining
whether a defendant has sufficient notice to prepare his or her defense, we
must determine whether the charging instrument fails to provide all the
requisites of “notice.”  Olurebi v. State, 870 S.W.2d 58, 61
(Tex. Crim. App. 1994).  Subject to rare
exceptions, not applicable here, an indictment which tracks the statutory
language will satisfy constitutional and statutory notice requirements.  State
v. Mays, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998); Tullous v. State, 23 S.W.3d 195, 196 (Tex. App.—Waco 2000, pet. ref’d).

            Here, the indictment tracks the language of Section
38.04.  See Tex. Penal Code Ann.
§ 38.04.  It is alleged that Brown
intentionally fled—using a vehicle—from a peace officer who was lawfully
attempting to arrest or detain him.  If a
vehicle is used to flee, and the alleged felon has not previously been
convicted of evading arrest, the appropriate charge is that of a state-jail
felony.   See id.  There are no other means
to commit the offense other than what is outlined by statute and what is charged
in the indictment.

            Further, the
indictment does not track the language of Section 38.03, which explicitly
requires that the actor intentionally prevent or obstruct a peace officer from
effecting an arrest by the use of force against the peace officer or another.  See
Tex. Penal Code Ann. §
38.03.  No such allegations are set forth
in the indictment.  Hence, the language
of the indictment does not provide any reasonable basis on which to conclude
that it is, even in part, based on Section 38.03 of the Texas Penal Code.

            Because the
indictment alleged that Brown fled from Blake in his vehicle, the charge would
be a state-jail felony, but for the allegation that Brown used his vehicle as a
deadly weapon during the commission of the alleged felony.  Consequently, the State used Section
12.35(c)(1) of the Texas Penal Code to seek to enhance punishment to that of a
third-degree felony based on the deadly-weapon allegation.  See
Tex. Penal Code Ann. §
12.35(c)(1).  The indictment alleges that
a deadly weapon—a vehicle—was used or exhibited by Brown during the commission
of the felony offense, or during the immediate flight following the commission
of the felony.  The statute provides that
a state-jail felony is punishable as a third-degree felony if a deadly weapon
was “used or exhibited during the commission of the offense or during immediate
flight following the commission of the offense . . . .”  Tex.
Penal Code Ann. § 12.35(c)(1). 
Because the indictment tracks the statutory language of Sections 38.04
and 12.35(c)(1), it satisfies the statutory and constitutional notice
requirements.  See Mays, 967 S.W.2d at 406.

            We overrule
this point of error.

 

            We reverse
the order quashing the indictment and remand this case to the trial court for
further proceedings.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

 

 

CONCURRING OPINION 

 

            The argument
of Christopher Charles Brown is that the State has been allowed to enhance the
punishment by proving a motor vehicle was used as a deadly weapon when the
underlying offense also requires proof that a vehicle was used.  Proof of these two requirements is not the
same.

            The
misdemeanor offense of evading arrest or detention is committed if the party
flees; it becomes a state jail felony when the party uses a motor vehicle.  Tex.
Penal Code Ann. § 38.04(a), (b)(1).[12]  Theoretically a motor vehicle may be used in
many ways—even if it is driven in a safe, uneventful manner, the offense would
be a state jail felony.  The allegation
that the vehicle was used or exhibited as a deadly weapon requires much more
proof.  Since a motor vehicle is not
manifestly designed to inflict injury, there must be proof that in the manner
of its use or intended use, it was capable of causing death or serious bodily
injury.  Tex. Penal Code Ann. §
1.07(17) (Vernon Supp. 2009).  As
we have recently held, proof that a vehicle is capable of causing serious
bodily injury requires a showing of actual danger such as another person being
present at the same time and place when the defendant drove in a reckless
manner.  Drichas v. State, 219 S.W.3d 471, 476 (Tex. App.—Texarkana 2007,
pet. ref’d). 

            In this case,
proof that Brown merely used a vehicle, in some manner, when he fled from the
peace officer would classify the offense as a state jail felony, but would not
be sufficient proof that the vehicle was being used as a deadly weapon.  I concur with the majority opinion.  

            

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          May
3, 2010    

Date Decided:             May
14, 2010

 

Publish

 











[1]The
Texas Legislature amended Section 38.04 of the Texas Penal Code in the 2009
legislative session, changing the base offense under Section 38.04 from a class
B to a class A misdemeanor and adding an additional ground for enhancement to a
state-jail felony.  House Bill 211 became
effective September 1, 2009.  Because the
indictment here was returned and filed August 13, 2009, pre-amendment version
of Section 38.04 applies, which provides, in pertinent part, as follows:

 

Evading Arrest or
Detention 

 

   (a) A person commits an offense if he
intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him.

 

   (b) An offense under this section is a Class
B misdemeanor, except that the offense is:

 

      (1)
a state jail felony if the actor uses a motor vehicle while the actor is in
flight and the actor has not been previously convicted under this section;

 

      (2)
a felony of the third degree if:

 

         (A)
the actor uses a vehicle while the actor is in flight and the actor has been
previously convicted under this section; or

 

          (B) another suffers serious bodily
injury as a direct result of an attempt by the officer from whom the actor is
fleeing to apprehend the actor while the actor is in flight; . . . . 

 

See Act of
May 27, 2009, 81st Leg., R.S., ch. 1400, § 4, 2009 Tex. Gen. Laws 4385, 4385–86
(prior version at Tex. Penal Code Ann.
§ 38.04 (Vernon 2003)).

 





[2]The
record before us indicates the indictment was quashed in its entirety.  

 





[3]Those
contingencies include the use of a vehicle to flee when there has been a
previous conviction under this section or when another is seriously injured as
a direct result of the illegal flight.  See Tex.
Penal Code Ann. § 38.04(b)(2)(A), (B).

 





[4]Section
38.03(d) provides that “an offense under this section is a felony of the third
degree if the actor uses a deadly weapon to resist the arrest or search.”  Tex.
Penal Code Ann. § 38.03(d).

 





[5]The
enhancement provisions in Sections 38.03 and 38.04 increase the level of
offense with which the accused is charged. 
Tex. Penal Code Ann. §§
38.03, 38.04.  The enhancement provisions
of Section 12.35 increase the level of punishment, rather than the level of
offense charged.  See Tex. Penal Code Ann.
§ 12.35.  To the extent that these
statutes deal with substantively different notions, i.e., range of punishment
versus level of offense, such comparisons are largely inapposite.





[6]Tex. Penal Code Ann. § 22.02(a)(2)
(Vernon Supp. 2009).

 





[7]Section
12.35 of the Texas Penal Code provides, in pertinent part:

 

            (c)     An individual adjudged guilty of a state
jail felony shall be punished for a third degree felony if it is shown on the
trial of the offense that:

                

                     (1)    
a deadly weapon as defined by Section 1.07 was used or exhibited during
the                commission of the
offense or during immediate flight following the commission of                          the
offense, and that the individual used or exhibited the deadly weapon or was a                         party
to the offense and knew that a deadly weapon would be used or exhibited; . . .
. 

 

Tex. Penal Code
Ann. § 12.35.

                





[8]The cover page lists the charge as “EVADING
ARREST/DETENTION W/MOTOR VEHICLE, DEADLY WEAPON FINDING, TEXAS PENAL CODE, SECTION
38.04 3RD DEGREE, A TRUE BILL.”

 





[9]The
text of the indictment reads:

 

In The Name and
by the Authority of the State of Texas:

The Grand Jurors
of the County of Lamar, State aforesaid, duly organized as such at the July
Term, A.D., 2009, of the District Court of the Sixth Judicial District for said
County, upon their oaths in said Court present that CHRISTOPHER CHARLES BROWN
on or about July 26, 2009 in Lamar County, Texas, anterior to the presentment
of this indictment, did then and there intentionally flee, using a vehicle,
from Ronnica Blake, knowing Ronnica Blake was a peace officer who was
attempting to lawfully arrest or detain the Defendant,

 

                And it is further presented to
said Court that a deadly weapon, to-wit: a motor vehicle, was used or exhibited
during the commission of the felony offense and that the Defendant used or
exhibited the deadly weapon.

 

                Against the peace and dignity of
the State.

                





[10]Section
38.04 permits enhancement to a third-degree felony when the actor uses a
vehicle to flee and he or she has been previously convicted under this section
or when another is seriously injured as a direct result of the actor’s illegal
flight.  See Tex. Penal Code Ann.
§ 38.04(b)(2)(A), (B).

 





[11]This
section of the Code explicitly permits enhancement to a third-degree felony:

 

§ 38.03.    Resisting Arrest, Search, or Transportation

 

     (a)   A
person commits an offense if he intentionally prevents or obstructs a person he
knows is a peace officer or a person acting in a peace officer’s presence and
at his direction from effecting an arrest, search, or transportation of the
actor or another by using force against the peace officer or another.

 

     (b)   It
is no defense to prosecution under this section that the arrest or search was
unlawful.

 

     (c)   Except
as provided in Subsection (d), an offense under this section is a Class A
misdemeanor.

 

     (d)   An
offense under this section is a felony of the third degree if the actor uses a
deadly weapon to resist the arrest or search.

 

Tex.
Penal Code Ann. § 38.03.





[12]See Act of May 27, 2009, 81st Leg.,
R.S., ch. 1400, § 4, 2009 Tex. Gen. Laws 4385, 4385–86 (prior version at Tex. Penal Code Ann. § 3804 (Vernon
2003)).