J. Brett Busby, Justice
Appellant Adrian Paul Mills challenges the trial court's entry of findings, in connection with his convictions of intoxication manslaughter and assault, that he used a motor vehicle as a deadly weapon. Appellant contends the entry of these findings in the judgment violated his due process rights because (1) the deadly weapon allegation was not encompassed within his guilty pleas, and (2) the trial court was not the fact-finder at the punishment phase. We hold the trial court did not err by entering the deadly weapon findings because *383 appellant pled guilty to the charges alleged in the indictments, and each indictment included a deadly weapon allegation. Further, appellant stipulated in his guilty pleas that the facts contained in the indictments were true and correct and constituted evidence in the case. Moreover, even if appellant could show he did not plead guilty to the deadly weapon allegations, the trial court could still appropriately conclude that a deadly weapon was used because a motor vehicle is capable of causing death or serious bodily injury, and appellant stipulated to and was found guilty of causing both death and serious bodily injury with a motor vehicle due to his intoxication. We therefore affirm the judgments containing deadly weapon findings.
BACKGROUND
Appellant was driving down Seawall Boulevard in Galveston and reached 80 to 90 miles per hour before driving into oncoming traffic, where he struck the vehicle of complainants Ashley Boyd and his wife, Alice Boyd. Testing revealed appellant's alcohol level was well above the legal limit. Ashley Boyd was pronounced dead at the scene. Alice Boyd survived but sustained multiple injuries.
Appellant was indicted by a grand jury on one count of intoxication manslaughter with a vehicle for causing Ashley Boyd's death, and one count of intoxication assault with a vehicle for causing serious bodily injury to Alice Boyd. Each indictment includes two paragraphs between the traditional opening and closing language, and these paragraphs are separated by a caption reading "Notice of Intent to Seek a Deadly Weapon Finding." Below the heading is the following sentence: "And it is further presented that the defendant used or exhibited a deadly weapon, to-wit: a motor vehicle, during the commission of or [the] immediate flight from said offense."
The trial court admonished appellant that intoxication manslaughter was a second-degree felony that carried a term of imprisonment between two and twenty years and a possible fine not to exceed $10,000. Appellant was also admonished that intoxication assault was a third-degree felony that carried a term of imprisonment not less than two years or more than ten and a possible fine not to exceed $10,000. After the admonishments, appellant signed a written plea and waiver stipulation for each charge and requested that a jury assess his punishment. Appellant was then arraigned outside of the presence of the jury and pled guilty to both charges after a reading of both indictments, including the deadly weapon language beneath the "Notice" heading. Following jury selection, the State read each indictment again in front of the jury, including the deadly weapon language beneath the "Notice" heading, and appellant again pled guilty to both charges. The State and appellant then presented their cases to the jury as to punishment.
After the State and appellant rested their cases, appellant moved for a directed verdict on the deadly weapon finding. Appellant argued his motion should be granted and no special issue submitted to the jury because the State did not present any evidence of a deadly weapon during the punishment phase of the trial. The State asserted that appellant pled guilty to the use of a deadly weapon when he pled guilty to the indictments. The trial judge agreed with the State, saying "my understanding is that she read the indictment including the notice of a deadly weapon, and your client pled guilty on both cases. Motion for directed verdict is denied."
Outside the presence of the jury, the trial judge asked if there were objections to the proposed jury charges, which each included (based on the deadly weapon *384 plea) an instruction that appellant would not be eligible for parole until his time served equaled one-half of the sentence imposed. Both the State and appellant responded that they had no objections. The jury, having been instructed that appellant was guilty of both charges as alleged in the indictments, sentenced him to twelve years in prison for the offense of intoxication manslaughter, and ten years in prison with a recommendation of probation for the offense of intoxication assault.
After the jury was dismissed, appellant raised an objection to the proposed judgments, which included deadly weapon findings. Appellant argued that the fact finder on that special issue would have been the jury, and because no affirmative finding was made by the jury, it would be inappropriate for the trial court to make the findings. The State responded that appellant had pled guilty to the indictments, which included deadly weapon allegations, and thus the trial court could properly enter deadly weapon findings into the judgments. The trial court considered the issue and relevant case law presented by both parties and stated, "the court is granting or making the deadly weapon finding in the judgment." Shortly thereafter, while reading the judgment into the record, the trial court stated, "I have entered a deadly weapon finding on this based on the indictment and the plea."
ANALYSIS
In a single issue on appeal, appellant contends he did not plead guilty to using a deadly weapon, and therefore the issue should have gone to the jury for a factual finding because he elected to have a jury determine his punishment. In appellant's view, the trial court's deadly weapon findings violate his right to due process.
I. Standard of review and applicable law
The trial court entered deadly weapon findings based on appellant's guilty pleas. A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." State v. Guerrero , 400 S.W.3d 576, 588 (Tex. Crim. App. 2013). To enter a voluntary plea, a defendant must possess "an understanding of the law in relation to the facts." McCarthy v. United States , 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). To enter an intelligent plea, a defendant must have "sufficient awareness of the consequences." Ex Parte Palmberg , 491 S.W.3d 804, 807 (Tex. Crim. App. 2016). A guilty plea does not violate due process even when a defendant enters it while "operating under various misapprehensions about the nature or strength of the State's case against him-for example, misestimating the likely penalty...." Id. Moreover, when a "defendant waives his state court remedies and admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts." Id. at 808 (quoting McMann v. Richardson , 397 U.S. 759, 774, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ).
In Texas criminal proceedings, a defendant must be found guilty by a jury unless the defendant has entered a guilty plea and effectively waived his right to a jury trial. Tex. Code Crim. Pro. Ann. art. 1.15 (West 2005). For the trial court to accept the guilty plea, the State must introduce evidence into the record showing the guilt of the defendant, and that evidence must be accepted by the trial court as the basis for its judgment. Id. The State's burden to present evidence may be waived by the defendant, pursuant to a stipulation and *385 waiver that is approved by the trial court. Id.
A deadly weapon is defined as a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17) (West Supp. 2016). If "a deadly weapon ... was used or exhibited during the commission of a felony offense or during immediate flight therefrom," then "[o]n an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court."[1]
As the Court of Criminal Appeals explained in Polk v. State , an affirmative finding can be made in several circumstances. 693 S.W.2d 391, 394 (Tex. Crim. App. 1985). First, the fact-finder's verdict on the indictment may constitute an affirmative finding if the indictment by allegation specifically places the deadly weapon issue before the trier of fact and the defendant is found guilty as charged in the indictment. Id. Second, an affirmative finding can occur as a matter of law if the trier of fact finds that a deadly weapon per se (such as a firearm) has been used in the commission of the offense. Id. Third, a finding may be made if the trier of fact responds affirmatively to a special issue submitted during the punishment stage of trial. Id. More recently, the Court of Criminal Appeals has added a fourth circumstance, holding that an affirmative deadly weapon finding can be made when the jury finds the defendant guilty as charged in the indictment and the indictment alleges the defendant caused death or serious bodily injury with a weapon. Crumpton v. State , 301 S.W.3d 663, 664 (Tex. Crim. App. 2009) (holding jury necessarily found defendant used a deadly weapon because a deadly weapon is something that, in the manner of its use, is capable of causing death, and jury found defendant did, in fact, cause death).
The Court of Criminal Appeals has held that an applicant is "entitled to notice that the State would pursue an affirmative finding...." Ex parte Patterson , 740 S.W.2d 766, 775 (Tex. Crim. App. 1987), overruled on other grounds by Ex parte Beck , 769 S.W.2d 525 (Tex. Crim. App. 1989). The notice need not appear in the indictment; however, "it may, and probably should appear there, preferably in a separate paragraph...." Id. at 776.
II. The trial court properly entered deadly weapon findings based on appellant's guilty pleas and stipulations to use of a deadly weapon.
Appellant and the State disagree about the scope of appellant's guilty pleas. Appellant argues that he pled guilty to the offenses of intoxication manslaughter and intoxication assault, but not to the deadly weapon allegations, which he argues merely gave him notice that the issue was in contest. In response, the State argues appellant pled guilty to the deadly weapon allegations three separate times: (1) when he signed a written plea admonishment and swore that he pled guilty to having committed each and every element of the offenses as alleged in the indictments; (2) when he was arraigned outside the presence of the jury and pled guilty to both charges read from the indictments, which *386 included the allegations of the deadly weapon; and (3) when the State read each indictment, including the allegation of the deadly weapon, in the presence of the jury and he pled guilty to each charge for a third time.
An indictment must begin with the phrase "In the name and by the authority of the State of Texas," and end with "against the peace and dignity of the State." Tex. Code Crim. Pro. Ann. art. 21.16 (West 2009). The deadly weapon allegations at issue are located between "In the name and by the authority of the State of Texas" and "against the peace and dignity of the State." Although we do not recommend the practice of inserting the heading "Notice of Intent to Seek a Deadly Weapon Finding" before alleging use of a deadly weapon in an indictment, we hold that the deadly weapon allegations constituted part of the indictments to which appellant pled guilty.
Even if appellant were operating under a misapprehension about the specific consequence of pleading guilty to a deadly weapon allegation captioned as a "notice," such a plea does not violate due process. Ex Parte Palmberg , 491 S.W.3d at 807. A defendant "need not have comprehensive awareness of the specific impact that relinquishing his constitutional rights may have." Id. Rather, the defendant need only have "sufficient awareness" to meet due process requirements. Id. Because the indictments included notice of a deadly weapon allegation, appellant was "sufficiently aware" of the allegation and has not argued on appeal that he did not understand the possible consequences associated with a deadly weapon finding.
According to the Texas Code of Criminal Procedure, the trial court must enter a deadly weapon finding in the final judgment upon an affirmative finding that a deadly weapon was used or exhibited.[2] As explained above, under the first scenario discussed in Polk v. State , an affirmative finding arises when the defendant is found guilty as charged in the indictment and the indictment specifically alleges the use of a deadly weapon. 693 S.W.2d at 394. We have held that appellant's indictments included deadly weapon allegations. For each offense, appellant pled guilty to having committed each and every element of the offense alleged in the indictment and, as part of an evidentiary waiver, stipulated that "the facts contained in the indictment ... are true and correct and constitute the evidence in this case." Appellant's guilty pleas, waivers, and stipulations were accepted by the trial court and appellant was found guilty as charged in the indictments. Based on the guilty pleas and stipulations, we hold the trial court properly entered deadly weapon findings in the judgments under the first Polk scenario. Id.
III. The trial court properly entered deadly weapon findings based on appellant's guilty pleas to causing death and serious bodily injury with his vehicle due to intoxication.
The State also argues that a trial court may appropriately enter a deadly weapon finding when the offense itself, as alleged in the indictment, requires the use or exhibition of a deadly weapon. Thus, even if appellant were correct that he did not plead guilty to the "notice" portion of each indictment expressly alleging use of a deadly weapon, a deadly weapon finding would still be proper if it could be deduced from the charged offenses to which appellant did plead guilty.
*387 Duran v. State , 492 S.W.3d 741, 747 (Tex. Crim. App. 2016) (analyzing Crumpton and noting its effect was to extend the degree to which courts can rely upon deductive reasoning to determine whether jury made an affirmative deadly weapon finding).
In Crumpton , the Court of Criminal Appeals held that the trial court properly entered a deadly weapon finding because the jury, in finding the defendant guilty of criminally negligent homicide, necessarily found that he used a vehicle as a deadly weapon. 301 S.W.3d at 664. The court reasoned: "If a deadly weapon is anything that is capable of causing death or serious bodily injury, and the indictment alleges that the defendant caused death or serious bodily injury [by striking the complainant's vehicle with her vehicle], and the jury finds the defendant guilty as charged in the indictment, the verdict is necessarily a finding that a deadly weapon was used." Id. at 665 ; see also Blount v. State , 257 S.W.3d 712, 714 (Tex. Crim. App. 2008) (holding that allegation of aggravated assault by causing serious bodily injury with weapon or instrument "necessarily implies the use of a deadly weapon," which is anything that in the manner of its use or intended use is capable of causing serious bodily injury).
On appeal, appellant contends only that he did not plead guilty to the deadly weapon allegations found beneath the "Notice of Intent" heading. Thus, it is uncontested that he pled guilty to the first paragraphs of the indictments, stipulating that the facts alleged were true and constituted evidence in the case. The first paragraphs read as follows:
Adrian Paul Mills, on or about the 26th day of July, 2014 ... did then and there operate a motor vehicle in a public place while intoxicated ... and did by reason of such intoxication [cause the death of another, namely, ASHLEY BOYD / cause serious bodily injury to another, namely, ALICE BOYD], by accident or mistake, to-wit: by driving said motor vehicle into a motor vehicle driven by ASHLEY BOYD.
In accepting appellant's pleas of guilty, the trial court determined that his stipulations provided sufficient evidence of each essential element of the charged offenses. Tex. Code Crim. Pro. Ann. art. 1.15 ; Staggs v. State , 314 S.W.3d 155, 159 (Tex. App.-Houston [1st Dist.] 2010, no pet.). After hearing evidence at the punishment hearing, the jury also found appellant guilty of the offenses as alleged in the indictments, which the trial court instructed it to do given appellant's plea.
The question raised by the State is whether appellant's stipulations and the jury's findings of guilt necessarily reflect that a deadly weapon was used. As noted above, a deadly weapon is anything that (1) in the manner of its use or intended use is (2) capable of causing death or serious bodily injury. Sierra v. State , 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). "A motor vehicle, in the manner of its use or intended use, is clearly capable of causing death or serious bodily injury and therefore can be a deadly weapon." Ex parte McKithan , 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) (per curiam).
The indictment in this case alleged that the manner in which appellant used his vehicle caused it to become a deadly weapon. In particular, the State alleged and appellant stipulated that by reason of his intoxication he drove his vehicle into another vehicle, causing death and serious bodily injury to others. No proof of intent to use the vehicle as a deadly weapon is necessary. Walker v. State , 897 S.W.2d 812, 813-14 (Tex. Crim. App. 1995). Because appellant stipulated that he caused death and serious bodily injury with a motor vehicle due to his *388 intoxication and was found guilty on that basis, we hold the trial court could appropriately enter a finding under Crumpton that a deadly weapon was used in each offense. See 301 S.W.3d at 664-65 ; Martinez v. State , 883 S.W.2d 771, 773 (Tex. App.-Fort Worth 1994, pet. ref'd) (holding "the use of a motor vehicle as a deadly weapon [is] an essential element of the offense" of intoxication manslaughter); see also Hood v. State , No. 06-09-00227-CR, 2010 WL 3189975, at *3 (Tex. App.-Texarkana Aug. 13, 2010, no pet.) (mem. op., not designated for publication) (holding allegation that instrument caused death "necessarily include[d]" allegation that it was " 'in the manner of its use ... capable of causing' (since it did cause) death," and therefore indictment for intoxication manslaughter similar to appellant's provided sufficient notice to support finding that vehicle was deadly weapon); McKee v. State , No. 02-06-00203-CR, 2007 WL 289496, at *4 (Tex. App.-Fort Worth Feb. 1, 2007, no pet.) (mem. op., not designated for publication) (same).
* * *
For these reasons, we hold that the deadly weapon allegations were part of the indictments, and thus appellant pled guilty and stipulated to the truth of the allegations. In addition, appellant stipulated to and was found guilty of causing death and serious bodily injury with a motor vehicle due to intoxication, which necessarily establishes that he used a deadly weapon. Therefore, we hold appellant's due process rights were not infringed by the trial court's entry of deadly weapon findings in the judgments. We overrule appellant's sole issue.
CONCLUSION
Having overruled appellant's issue on appeal, we affirm the trial court's judgments.
( Christopher, J., concurring).

Act of June 10, 1977, 65th Leg., R.S., ch. 347, § 1, sec. 3f, 1977 Tex. Gen. Laws 925, 926, repealed by Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 3.01, 2015 Tex. Gen. Laws 2320, 2394, eff. Jan. 1, 2017 (current version at Tex. Code Crim. Pro. Ann. art. 42A.054(c) (West Supp. 2016)). This statute, former article 42.12 § 3g(a)(2), applied at the time the trial court issued its judgment.

Act of June 10, 1977, 65th Leg., R.S., ch. 347, § 1, sec. 3f, 1977 Tex. Gen. Laws 925, 926 (repealed 2015) (current version at Tex. Code Crim. Pro. Ann. art. 42A.054(c) ).